**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 11-09935 VAP (SPx)            Date:  July 27, 2012

Title:   JAMES PHIPPS -v- DEUTSCHE BANK NATIONAL TRUST COMPANY
================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:    MINUTE ORDER (1) DISMISSING ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION, (2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS (DOC. NO. 12), AND (3) DENYING AS MOOT PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER (DOC. NO. 32) (IN CHAMBERS)

      On December 30 , 2011, Plaintiff James Phipps filed a First Amended Complaint ("FAC" (Doc. No. 9)) in this matter, alleging five claims against Defendant Deutsche Bank National Trust Co. ("DBNTC") that may be characterized best as claims for:  (1) breach of a residential lease agreement (<u>see</u> FAC ¶¶ 21-25); (2) breach of contract (<u>see</u> FAC ¶¶ 26-30); (3) breach of the warranty of habitability (<u>see</u> FAC ¶¶ 31-35); (4) violations of various sections of the California Civil Code related to the habitability of Phipps's house (<u>see</u> FAC ¶¶ 36-41); and (5) a violation of the Protecting Tenants at Foreclosure Act ("PTFA"), 22 U.S.C. § 5220 note (<u>see</u> FAC ¶¶

CV 11-09935 VAP (SPx)
JAMES PHIPPS v. DEUTSCHE BANK NATIONAL TRUST COMPANY
MINUTE ORDER of July 27, 2012

42-47). Phipps invokes this Court's jurisdiction under both 28 U.S.C. § 1332 – by alleging he and DBNTC are citizens of different states – and 28 U.S.C. § 1331 – by alleging a violation of federal law. (FAC ¶¶ 1-2, 5-6.) Despite Phipps's allegations, for the following reasons, the Court concludes it lacks subject-matter jurisdiction over this matter, which it DISMISSES WITHOUT PREJUDICE to refiling in state court only.[1] The Court therefore DENIES AS MOOT the pending Motion to Dismiss (Doc. No. 12) and Ex Parte Application for a Temporary Restraining Order (Doc. No. 32).

## II. BACKGROUND

This case is before the Court for the second time. On November 4, 2011, the Court dismissed Phipps's earlier case, concluding that Phipps's claim under the PTFA did not create a federal question sufficient to support the Court's subject-matter jurisdiction. See Minute Order, Phipps v. Deutsche Bank Nat'l Trust Co., No. EDCV 11-01208 VAP (Spx) (C.D. Cal. Nov. 4, 2011) (Doc. No. 33).

As the Court recounted previously (see id. at 2), Phipps leased a house in Cedarpines Park, California, from one Paul Bates. Apparently, Bates owned the property subject to a mortgage, on which – unbeknownst to Phipps – Bates had defaulted. Phipps, whose lease with Bates contained an option to purchase the house, spent a substantial amount of his time and money making improvements in anticipation of exercising that option. DBNTC, however, decided to evict Phipps. Phipps sued, alleging the PTFA required DBNTC to step into Bates's shoes, and

---

[1] As noted below, the Court will retain jurisdiction only to enforce DBNTC's compliance with its June 19, 2012, Minute Order (Doc. No. 29), in response to which DBNTC represented it would file further materials with the Court within 30 days of June 29, 2012 (see Response (Doc. No. 30) at 2).

CV 11-09935 VAP (SPx)
JAMES PHIPPS v. DEUTSCHE BANK NATIONAL TRUST COMPANY
MINUTE ORDER of July 27, 2012

honor the option.  As noted above, the Court lacked subject-matter jurisdiction to address that claim, which would arise only as a tertiary issue in litigation between Phipps and DBNTC over Phipps's right to exercise the option.[2]

Phipps then filed the instant lawsuit, alleging the legal conclusion that DBNTC is his landlord and that, under the terms of his lease, it must pay for his water and garbage collection, which it has not.  (FAC ¶¶ 8-10.)  Additionally, Phipps renewed his claim to have an option to purchase the property, and as discussed above, made various claims of the sort one expects to see raised against a derelict landlord.  (see id. ¶¶ 26-30, 31-41.)  In addition to invoking the Court's federal question jurisdiction (stemming from, as discussed below, a slightly different claim under the PTFA), Phipps also alleges that because he is a citizen of California and DBNTC is a citizen of Delaware (id. ¶¶ 5-6), the Court has diversity jurisdiction over this action.

DBNTC filed a Motion to Dismiss, in which it argued, among other things, that the Court lacks subject-matter jurisdiction because DBNTC, like Phipps, is a citizen of California.  As both Phipps's counsel and the Court observed, however, DBNTC has elsewhere represented that it is not a citizen of California; the Court therefore ordered DBNTC to file comprehensive materials demonstrating its state of citizenship.  (See Minute Order (Doc. No. 29).)  DBNTC complied.

Shortly thereafter, Phipps filed an Ex Parte Application for a Temporary Restraining Order to prevent the sale or demolition of the Cedarpines Park house.  Applying the legal standard outlined below, the Court concludes it lacks subject-matter jurisdiction over this action, and therefore must dismiss it without deciding either DBNTC's Motion or Phipps's Application.

---

[2] The hypothetical litigation between Phipps and DBNTC would proceed as follows:  (1) Phipps sues DBNTC for breaching the obligations contained in his lease; (2) DBNTC defends itself by arguing that under California law, Phipps's leasehold interest was extinguished when Bates's mortgage was foreclosed, Dover Mobile Estates v. Fiber Form Prods., Inc., 220 Cal. App. 3d 1494, 1498-1500 (1990); (3) Phipps responds that the PTFA requires DBNTC to honor his lease with Bates, notwithstanding settled California state law.

MINUTES FORM 11                                      Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                          Page 3

CV 11-09935 VAP (SPx)
JAMES PHIPPS v. DEUTSCHE BANK NATIONAL TRUST COMPANY
MINUTE ORDER of July 27, 2012

### III. LEGAL STANDARD

Subject-matter jurisdiction is invoked, ordinarily, under either 28 U.S.C. § 1331, which grants the federal courts jurisdiction to hear cases involving federal questions, or 28 U.S.C. § 1332, which grants the federal courts jurisdiction to hear cases between citizens of different states, assuming the amount in controversy is greater than $75,000.

To invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331, a plaintiff must make only a "non-frivolous assertion of a federal claim." Cement Masons Health & Welfare Trust Fund v. Stone, 197 F.3d 1003, 1008 (9th Cir. 1999). In determining whether the plaintiff's assertion is non-frivolous, a court "need not presume the truthfulness of the plaintiffs' allegations," White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000), and "may review evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction," McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); see Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("[I]f subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own.").

To invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332 (more specifically, under 28 U.S.C. § 1332(a)), a plaintiff must plead: (1) that no plaintiff is a citizen of the same state as any defendant (i.e., that the parties are completely diverse), Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005); and (2) that "the matter in controversy exceeds the sum or value of $75,000," 28 U.S.C. § 1332(a).

Even if no defendant challenges the plaintiff's assertion that a court has subject-matter jurisdiction over the plaintiff's action, a court has an independent obligation to police its jurisdiction at all times, and must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

CV 11-09935 VAP (SPx)
JAMES PHIPPS v. DEUTSCHE BANK NATIONAL TRUST COMPANY
MINUTE ORDER of July 27, 2012

## IV. DISCUSSION

The Court lacks both diversity jurisdiction and federal question jurisdiction over this matter, and is compelled by Federal Rule of Civil Procedure 12(h)(3) to dismiss it, sua sponte. Without subject-matter jurisdiction over the case, the Court may not resolve Phipps's Ex Parte Application for a Temporary Restraining Order, which it therefore must deny as moot. See Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 806 (9th Cir. 2001) ("Dismissal on jurisdictional grounds means that the court was without original jurisdiction and had no authority to do anything other than to determine its jurisdiction."). The Court addresses, in turn, Phipps's failure to invoke successfully either source of jurisdictional authority Phipps raises in his First Amended Complaint.

### A.   The Court Lacks Diversity Jurisdiction Over this Action

While Phipps alleges he is a citizen of California, and DBNTC a citizen of Delaware, DBNTC's response to the Court's June 19, 2012, Minute Order satisfies the Court that DBNTC is a citizen of California. (See Response (Doc. No. 30) at 2-4 and Exs. A and B.) The Court therefore lacks subject-matter jurisdiction to hear this case under 28 U.S.C. § 1332.

### B.   The Court Lacks Federal Question Jurisdiction Over this Action

As he did in the previous iteration of this case, Phipps again contends the PTFA provides a federal question via which he may litigate this case in federal court. Although the language by which he pleads the PTFA affords the Court jurisdiction in this case differs somewhat from that employed in his earlier action, the difference immaterial. In his Opposition (Doc. No. 17) to DBNTC's Motion to Dismiss, Phipps admits that he "does not have a private right of action against [DBNTC] for violating federal law" (Opp'n at 4), but argues that the PTFA allows him to seek damages that accrued before the effective termination of his lease by DBNTC's purchase of the Cedarpark Pines house.[3]

---

[3] The Court does not here decide DBNTC's Motion, and looks only to Phipps's Opposition to demonstrate why the differences between Phipps's pleadings in this case and in his previous lawsuit are immaterial.

CV 11-09935 VAP (SPx)
JAMES PHIPPS v. DEUTSCHE BANK NATIONAL TRUST COMPANY
MINUTE ORDER of July 27, 2012

    The problem, in this suit as in the last, is that the federal question presented by Phipps's pleadings arises only as a rejoinder to a defense Phipps anticipates that DBNTC would assert in state court litigation, e.g.: (1) Phipps sues DBNTC for, among other things, leaving him without utilities; (2) DBNTC denies it has any obligation to provide Phipps with utilities, because Phipps's lease was extinguished when DBNTC purchased the property, see Dover Mobile Estates v. Fiber Form Prods., Inc., 220 Cal. App. 3d 1494, 1498-1500 (1990) (discussing the termination of junior interests in property, including leaseholds, by the foreclosure of a senior mortgage); (3) Phipps responds by arguing the PTFA protects his leasehold interest in the house for some period of time after DBNTC's purchase of the property.

    As the Court ruled previously, Phipps presents no cognizable federal question in such a scenario. See Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 542 (9th Cir. 2011) (holding that in an analogous situation, i.e., one in which a federal question would arise only in response to another party's defense, "there is no basis for federal question jurisdiction"). Accordingly, the Court must again DISMISS Phipps's action for lack of subject-matter jurisdiction, and does so WITHOUT PREJUDICE to refiling in state court. The Court will, however, retain jurisdiction over this case for the limited purpose set forth in the June 19, 2012, Minute Order and DBNTC's Response thereto. All other pending motions, i.e., DBTNC's Motion to Dismiss and Phipps's Ex Parte Application for a Temporary Restraining Order, are DENIED AS MOOT.

## V.  CONCLUSION

    For the foregoing reasons, the Court DISMISSES this action for lack of subject-matter jurisdiction, WITHOUT PREJUDICE to refiling in state court. It does so subject to a reservation of jurisdiction to assure DBNTC's compliance with the obligations set forth in the Court's June 19, 2012, Minute Order and DBNTC's Response thereto. DBNTC's Motion to Dismiss and Phipps's Ex Parte Application for a Temporary Restraining Order are DENIED AS MOOT.

    **IT IS SO ORDERED.**